IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3340-FL

| | | |
|---|---|---|
| JOHN EDWARD BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA GOVERNOR PAT | ) | |
| MCCRORY and THE STATE OF | ) | |
| NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983.
The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Section 1915
provides that courts shall review complaints in which prisoners seek relief from a governmental
entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. §
1915(e)(2)(B)(i).

A complaint may be found frivolous because of either legal or factual deficiencies. First, a
complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S.
319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and
include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40
F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may
be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient
standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).
Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis
. . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992) (citing <u>Neitzke</u>, 490 U.S. at 327).

Plaintiff asserts that North Carolina Governor Pat McCrory and the State of North Carolina violated his rights pursuant to the Eighth Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff's complaint in its entirety states as follows: "Petitioner was sentenced to life in prison for 1st degree murder under Fair Sentence Act, then deprived of the benefit of all good, gain, jail and meritorious time on prison record, resulting in cruel and unusual punishment." (Compl. (DE 4) ¶ V.) As relief, plaintiff requests that the court "construe [his] good-time of 40-years [cutting sentence in half], gained-time of 1187 days and meritorious time of 110 days, as time[] served after, completed 30-years in prison, and order sentence terminated and order his release." (<u>Id</u>. ¶ VI.)

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004) (per curiam) (citation omitted); <u>see, e.g.</u>, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Waddell v. Dep't of Corr.</u>, 680 F.3d 384, 386 (4th Cir.), <u>cert. denied</u>, 133 S. Ct. 451 (2012). "Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks the very duration of physical confinement . . . and thus lies at the core of habeas corpus." <u>Wilkinson</u> <u>v. Dotson</u>, 544 U.S. 74, 79 (2005) (internal quotations, citation, and alterations omitted). Thus, plaintiff's § 1983 claim regarding his sentence credits fails. <u>See, e.g.</u>, <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994); <u>Preiser</u>, 411 U.S. at 490.

To the extent plaintiff seeks damages arising from the denial of his sentence credits, a prisoner cannot bring a § 1983 action seeking monetary damages (rather than the recovery of good-time credits) based on a "conviction" until that "conviction" has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by issuance of a federal writ of habeas corpus, if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" or length of confinement. See Heck, 512 U.S. at 486–87. For purposes of Heck, a "conviction" includes a denial of sentence credits. See Edwards v. Balisok, 520 U.S. 641, 644–45 (1997); Land v. Beck, 22 F. App'x 327, 327–28 (4th Cir. 2001) (per curiam). Thus, plaintiff is unable to pursue a section 1983 claim for damages.

Finally, to the extent plaintiff is challenging any procedure by which he was denied sentence credits without implying the invalidity of his denial of such credits, he has failed to state a claim. Specifically, plaintiff has provided no factual support for such a claim. Accordingly, his conclusory allegations in his complaint fail to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citation omitted); see, e.g., White v. White, 886 F.2d 721, 723 (4th Cir.1989) (stating minimum level of factual support required).

In summary, plaintiff's claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because this action is not properly brought pursuant to § 1983, the court VACATES the February 10, 2016, order granting plaintiff leave to proceed without the prepayment of fees. The clerk of court is DIRECTED to refund any portions of the filing fee paid by plaintiff. The clerk further is DIRECTED to send plaintiff the form necessary to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Finally, the clerk is DIRECTED to close this case.

SO ORDERED, this the 6th day of May, 2016.

LOUISE W. FLANAGAN
United States District Judge